Moncure, P.,
delivered the opinion of the court. After stating the case, he proceeded:
The only question involved in this case is, whether the opinions of the court excepted to as aforesaid, or either of them, are erroneous. We are of opinion that both of them are.
Pirst. The court erred in excluding the bond on the ground "of variance, when offered by itself without other evidence, as mentioned in the first bill of exceptions. There is no further description of the bond in the notice than is contained in its address, “ to Benjamin Robinson, late sheriff’ of Greene county, and George J. Stephens, James M. Robinson, William P. Melone. R. D. Melone, surviving sureties of themselves and James Sims, deceased, on the official bond of said Benjamin Robinson.” The bond offered in evidence was the official bond thus described. There were inserted in the body of the bond, the names of all the obligors, principal and sureties, to whom the notice was addressed. And there were subscribed to the bond, signatures and seals corresponding to the names of the obligors, so written in the body cf the bond, except that the name apparently intended for “James Sims” is obscurely or imperfectly written; and, as the defendants in error contend, is written, “ Jos. Sin.” It is so written in the printed record. But the original bond has been brought before us by the clerk of the County court of Greene, upon a subpoena duces tecum ; and upon an inspection of it, we think the signature was intended for “James Sims,” and may as well be read “Jas. Sim,” or “Jas. Sims,” as “Jos. Sin.” It was evidently *329 written by a very bad writer, and probably by an old man; and we know it is quite common, in such a case, that the name should be mis-spelt, or a letter be omitted by mistake. The name is written opposite the word “seal,” inserted in a scroll; and the end of the letter “m,” of the name “Sim,” appears to be written over the scroll; and immediately after the name “Sim,” is written the word “seal;” the first letter of which word serves well enough for, and may possibly have been adopted, by the signer as the last letter of the name “Sim;” and thus the name “Jas. Sims” -would be perfected. But whether this be so or not, and even if wé suppose the name as written is “Jas. Sin” or “Jos. Sin,” still we think that the bond ought not to have been excluded as ■evidence, and that the jury wTould have been well warranted in finding, from that evidence alone, on a plea of non estfactum, that the bond was the bond of the obligors whose names were inserted in the body of it. The fact is, most of the names subscribed to the bond are imperfectly written. Indeed, not one of them is perfectly written. In one there is a letter too many, and in another a letter too few. In all of them letters are put for Christian names, or those names are contracted. The name of James M. Robinson, appears to be written, “Jus. M. Robinson.” Row, it might just as well have been said there was a variance in regard to all these names, as in regard to that of James Sims, only. But we know that these apparent variances, if they may be so called, are of every day’s occurrence, and they are not real or legal variances. The bond in this case was prima facie evidence, that it was the bond of all the parties whose names were inserted therein, and was ap parently intended to be subscribed thereto; and that fact could not be controverted without an affidavit, that the instrument was not the deed of the alleged obligors *330 or some of them. Code of 1860, ch. 171, § 38, p. 713; Acts of 1869-70, ch. 271, p. 425.
Second. It follows as a matter of course, from what we have already said, that we think the Circuit court erred in excluding the evidence set out in the second bill of exceptions. Certainly, if the bond was not sufficient evidence of itself, in the absence of any affidavit to the contrary, that it was the bond of all the obligors therein named, the order of the court stating that they all appeared in court and entered into and acknowledged the bond, is the highest, to wit, record evidence of that fact. It appears, also, from the bill of exceptions, that other evidence was offered to prove that the said bond was the bond of the said James Sims; which evidence was also excluded. And it does not appear that a particle of evidence was offered on the other side to prove that the said bond was not the bond of James Sims, or that there was any person in the world by the name of “Jos. Sin,” whose the signature could have been intended to be. A man may adopt a signature written for him by another person; or he may adopt his cross mark for his signature. Here James Sims made, or attempted to make, his own signature, and acknowledged it as such in open court.
But if this could be considei’ed as a case of variance between the pleadings and the proofs, it would have been such a one as might and ought to have been cured by an amendment, according to the Code of 1860, ch. 177, § 7, which declares that “If, at the trial of any action, there appears to be a variance between the evidence and the allegations or recitals, the court, if it consider the same not material to the merits of the case, and that the opposite party cannot have been prejudiced thereby, may allow the pleadings to be amended on such terms as to payment of costs or postponement of trial, or both, as it may deem reasonable.”
*331 On every view of the case, therefore, we are of opinion that the judgment of the Circuit court is erroneous, and ought to be reversed and annulled; and that the verdict of the jury ought to be set aside and the cause remanded for a new trial to be had therein, in conformity with the foregoing opinion.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred in excluding the evidence mentioned in the first and second bills of exception, all of which evidence was admissible. Therefore, it is considered that the said judgment be reversed and annulled, and that the plaintiff in error recover against the defendants in error, his costs by him expended in the prosecution of his writ - of supersedeas aforesaid here. And it is ordered that the verdict of the jury be set aside, and the cause remanded to the said Circuit court for a new trial to be had therein; on which trial the said evidence, if offered again, or such part thereof (including the official bond m said bills mentioned) as may be offered again, shall be admitted.
Which is ordered to be certified to the Circuit court of Greene county.
Judgment reversed.